THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CLUB MANAGEMENT, INC., Defendant and Appellant.

No. CR-62-279.    Decided April 25, 1963.

*Norman A. Pardo* for appellant. *Rodolfo Cruz Contreras, Acting Solicitor General,* and *Jenaro Marchand, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM: On September 26, 1960 an information was filed in the San Juan Part of the Superior Court against appellant on the ground that on April 15, 1960 it did not send to the Secretary of the Treasury a specific report required by the Corporation Law. Appellant was arraigned on February 2, 1961. The case was set for hearing and postponed on several occasions. On May 23, 1961 an amended information was filed in which it was alleged now by way of amendment that appellant had not filed said report on April 18, 1960, until which date the Secretary of the Treasury had granted a general extension to submit the report.

Against the amended information appellant alleged the prescription of the offense inasmuch as it had been presented after a year had elapsed from April 18, 1960, on which date the offense was committed. The trial court denied the prescription and the dismissal considering that the amended information resorted back to the original information, but it ordered that said amended information be set for a new arraignment on November 20, 1961. On December 1, 1961 we issued a certiorari to review that order of the court. On February 16, 1962 we dismissed the appeal upon appellant's failure to file brief. The mandate having been returned, on September 11, 1962 a trial was held and appellant was imposed a fine of $100. From this judgment he appealed on the same date.

Appellant argues the same question of law here of the prescription of the offense. It maintains that the amended information was in itself an original information which

charged for the first time an offense committed on April 18, 1960, since on April 15 according to the charge in the former information, no offense had been committed. The Solicitor General also refutes the question on its merits.

■ Although it cannot be said that appellant's contention lacks merit, we do not have jurisdiction to adjudicate the question raised. The reason is that according to the record appellant pleaded guilty, and in view of said plea of guilty the trial court convicted it. Section 347 of the Code of Criminal Procedure, as amended by Act No. 128 of April 26, 1950, provides that the defendant cannot appeal: "From a final judgment of conviction, except in cases of conviction upon a plea of guilty." In such cases this Court is authorized to review discretionally by way of certiorari only any error committed by the lower court in the pronouncement of the sentence.

The appeal shall be dismissed for lack of jurisdiction.

—O—

ON MOTION FOR RECONSIDERATION

San Juan, Puerto Rico, June 9, 1964

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

In a per curiam decision of April 25, 1963 we refused jurisdiction as to this appeal on the ground that from the record sent to this Court it appeared that appellant had pleaded guilty in the trial court and was convicted and sentenced on the basis of said plea. In such a case appeal did not lie. Only certiorari at our discretion as to the error in the pronouncement of the judgment.

The reconsideration of the previous judgment having been requested and after several proceedings it has been established without any doubt that the record sent to this Court was not correct, that appellant did not plead guilty

and that the judgment was rendered after a trial on the merits. Under such circumstances it is appropriate to set aside our judgment of April 25, 1963 dismissing the appeal for lack of jurisdiction and we shall consider the appeal on its merits.

On September 26, 1960 information was filed against appellant corporation for violation of § 1301 of the Corporation Law of 1956, charging it with failure to file in the office of the Secretary of the Treasury on or prior to April 15, 1960, an annual report authenticated by the signature of the president or vice-president, with a true and accurate general balance sheet showing the financial condition of the corporation at the close of its operations for the year 1959; a true and accurate general balance sheet as appears from the account-books as of the preceding January 1, 1960, and a profit and loss statement for the last operating year of the corporation. Arraignment took place on February 2, 1961 and the trial was set on its merits for the following March 14.

On May 23, 1961 an amended information was filed without the leave of the court, charging the same facts. The amendment consisted in adding at the end of the information, "neither did it file on or prior to April 18, 1960, up to which date a general extension was granted by the Secretary of the Treasury of Puerto Rico." Against said amended information defendant alleged prescription of the proceeding because said amended information was filed after one year had elapsed since the commission of the offense.

Deciding the contention by resolution of November 1, 1961, the trial court stated:

"In the above entitled case the prosecuting attorney filed information on September 26, 1960. Defendant was arraigned on February 2, 1961. Dates set for trial were postponed for reasons we need not state herein. On May 23, 1961 the prosecuting attorney filed an amended information. Without arraignment the case was set for August 24, 1961. The case having been called on said day, the corporation's legal representation

filed the plea of prescription under § 79 of the Penal Code, 33 L.P.R.A. § 233. It adduced that according to the original information the alleged violation of the law was committed on April 15, 1960, then at the time the information was filed on April* 23, 1961, the action had prescribed. If we were dealing with an original information defendant would be right; but we are dealing with an information substantially amended prior to the hearing of the case, which does not vary the offense charged and the filing of which is not the result of a judicial order rendered for the purpose of sustaining a demurrer seeking the dismissal of the suit after the prosecution had begun. It is appropriate to grant defendant an opportunity to plead once more against the amended information. *People* v. *Morales,* 79 P.R.R. 569, 573.

"For the reasons stated the motion for the dismissal of the case is set aside, and the arraignment of the amended information is set for November 20, 1961 at 9 a.m."[1]

At the commencement of the trial on its merits on September 11, 1962, appellant reproduced its plea of prescription which was dismissed once more. It was found guilty and ordered to pay a fine of $100 and the costs.

The only question before us is that relating to the prescription. If we were to rely on the grounds stated by the trial court, we would have to agree with appellant that the action had prescribed and it should have been dismissed.

■■ If appellant had, according to law, up to April 18, 1960, to file its report, the original information did not charge any offense, and no offense had been committed on April 15. There is no doubt that the information may be validly amended to allege a different date for the commission of the offense—apart from certain guarantees that should be granted to defendant—provided that said date be prior to that of the information itself. However, that would not be the problem in this case. Here the only information

---

* May

[1] To review this decision we issued certiorari No. 2896 on December 1, 1961. The appeal was not perfected and it was filed.

which appeared charging an offense on which action could be validly taken was that of May 23, 1961, at which time more than one year had elapsed since the commission of the offense on April 18, 1960, and hence prescribed.

■ According to the provisions of § 1302 of the Corporation Law, we are not dealing with a continuous offense. The offense is committed only once, on April 15. If a criminal prosecution is instituted and the corporation is guilty, it is sentenced. The court shall then order that the report be filed within a specific term, otherwise, it shall incur contempt, but not in the same previous offense. Apart from the foregoing the evidence for the prosecution showed that the report was filed on April 20, 1960; so that the year of prescription had already elapsed.

■ Review is not taken against the grounds of the judgment but against the judgment itself. In spite of the foregoing the judgment of conviction should be sustained for these other reasons:

Section 1301 imposes the obligation to file said report not later than April 15. Section 1305 establishes, as to this obligation, that the Secretaries of the Treasury and of State, may, *in special cases*, grant an extension of time which shall not exceed 30 days from the date fixed for the filing of the annual report—April 15—provided it is determined, *upon application filed on time*, that the corporation will not be able, *for good and sufficient reasons*, to file its annual report within the time fixed by law. If not filed within said extension of time the corporation shall be subject to the prosecution under the provisions of § 1302.

■■ According to the law neither the Secretary of the Treasury nor that of State, is legally authorized to grant *general extensions* for the filing of the reports of the corporation, and the extensions shall not be granted in a manner other than as specified in § 1305. If in this case the Secretary

of the Treasury granted a general extension, for the year 1960, as the prosecuting attorney alleged in the amended information, he performed a void and ineffective act at law.[2] *People* v. *Hickock of P.R., Inc.*, 78 P.R.R. 375 (1955) ; § 4 Civil Code; *People* v. *Benítez*, 19 P.R.R. 235, 249 (1913).

■ Under said circumstances the original information filed within the year charged the commission of the offense, and since the amendment made after the year was null and void at law, there was no prescription of the proceeding.

The judgment appealed from will be affirmed.

---

[2] None of the parties at the trial gave any explanation about the general extension. If appellant had filed the report on April 18, relying on the granting of the extension, we might have to enter into other considerations. With or without legal extension the report was filed subsequent thereto.